IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LYNDA BEASLEY                                                                                    PLAINTIFF

V.                                                                        CAUSE NO.: 1:11CV070-SA-DAS

WAL-MART STORES, INC., ET AL.                                                            DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed a complaint against Wal-Mart Stores, Inc., following a slip and fall at that store in Fulton, Mississippi. This case was removed from the Itawamba County Circuit Court. Defendant filed a Motion for Summary Judgment [23]. Having reviewed the motion, rules, response, and authorities, the Court finds summary judgment to be appropriate.

*Factual and Procedural Background*

Plaintiff contends that on May 7, 2009, she was exiting the Wal-Mart in Fulton, Mississippi, when her high-heeled shoe got caught between floor tiles, and she tripped. Plaintiff claims that broken grouting in between those floor tiles caused her fall.

Defendant argues Plaintiff has not presented triable issues of fact, and it is entitled to judgment as a matter of law.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'… that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the

pleadings and by… affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

Plaintiff Lynda Beasley was a business invitee of the Defendant on May 7, 2009. A business invitee is defined as one who enters the premises "at the owner's invitation to pursue a matter of mutual advantage." Ball v. Dominion Ins. Corp., 794 So. 2d 271, 273 (Miss. Ct. App. 2001) (citing Hoffman v. Planters Gin Company, Inc., 358 So. 2d 1008, 1011 (Miss. 1978)). Mississippi substantive law is clear that as a business invitee of Wal-Mart, Plaintiff has to prove: (1) that an unreasonably dangerous condition existed; (2) that such condition caused her injury; and (3) that Wal-Mart failed to warn her adequately of the dangerous condition if the condition was hidden and not in plain and open view. Leffler v. Sharp, 891 So. 2d 152, 157 (Miss. 2004). Mississippi courts have long held that normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions. See McGovern v. Scarborough, 566 So. 2d 1225, 1228 (Miss. 1990)

(affirming directed verdict in favor of defendant because raised threshold was not unsafe); <u>Stanley v. Morgan & Lindsey, Inc.</u>, 203 So. 2d 473, 477 (Miss. 1967) (finding a curb not inherently dangerous); <u>see</u> also <u>Tate v. S. Jitney Jungle Co.</u>, 650 So. 2d 1347, 1351 (Miss. 1995). Mississippi courts have determined further that these normally occurring dangers do not become hazardous conditions simply because they contain minor imperfections or defects. <u>See</u> <u>First Nat'l Bank of Vicksburg v. Cutrer</u>, 214 So. 2d 465, 466 (Miss. 1968) (cracks on the edge of concrete riser not unreasonably dangerous condition); <u>Bond v. City of Long Beach</u>, 908 So. 2d 879, 882 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the city should have anticipated).

Consequently, Wal-Mart owed a duty to Plaintiff to take reasonable care in keeping its premises reasonably safe and to warn of any dangerous condition not readily apparent. <u>Caruso v. Picayune Pizza Hut, Inc.</u>, 598 So.2d 770, 773 (Miss. 1992). This obligation, however, does not make a premises owner an insurer of the safety of its invitees. <u>See</u> <u>Parker v. Wal-Mart Stores, Inc.</u>, 261 F. App'x 724, 726-27 (5th Cir. 2008); <u>Kroger, Inc. v. Ware</u>, 512 So. 2d 1281, 1282 (Miss. 1987) (The fact that the plaintiff suffered injuries as a result of a slip-fall on the defendant's premises is not decisive to the issue of whether the defendant committed a negligent act. The premises' owner is not considered the insurer of the safety of its invitees).

Plaintiff thus, has the burden to present evidence of a hazardous condition which caused her injury, and that Wal-Mart failed to adequately warn Plaintiff of the alleged dangerous condition. <u>Carpenter v. Nobile</u>, 620 So. 2d 961, 964 (Miss. 1993).

In this case, the Plaintiff claims that her shoe "broke through the grout" between two floor tiles near the exit at Wal-Mart. Plaintiff testified that the crack was "as big as my pinky, which

maybe is an inch in diameter."

Pursuant to controlling Mississippi law, a curb is not a dangerous condition, even if cracks are in the pavement with changes in elevation. See McGovern, 566 So. 2d at 1228; Ware, 512 So. 2d at 1282 (holding that "there is no liability for injuries, where the condition is not dangerous" when plaintiff stumbled over a curb in parking lot); Tate, 650 So. 2d at 1351 (recognizing there is no liability in cases involving dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps); City of Greenville v. Laury, 159 So. 121, 122 (1935) (reasonable jury could not have found that a crevice in the street measuring a half-inch to three inches in width and depth and 18 inches to two feet in length the street was of such character to make the street unsafe for use); City of Biloxi v. Schambach, 157 So. 2d 386, 392 (1963) (sidewalk defect consisting of a three to four-inch differential in height between sidewalk blocks was not sufficient to impose liability); First Nat'l Bank of Vicksburg v. Cutrer, 214 So. 2d 465, 466 (Miss. 1968) (cracks on the edge of a concrete riser was not an unreasonably dangerous condition); Bond v. City of Long Beach, 908 So. 2d 879, PP 9-10 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the City should have anticipated). Plaintiff has cited no authority which contradicts this well-established law.

Accordingly, as a matter of law, the cracked grout in question is not a hazardous condition. In Mississippi, a premises owner is not the insurer of the safety of its customers, and the law does not require that sidewalks and flooring be completely level and free from cracks or defects. See Schambach, 157 So. 2d at 392; Laury, 159 So. at 122. Consequently, plaintiffs cannot establish liability as there is no "dangerous condition."

SO ORDERED, this the 9th day of April, 2012.

                                                       **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT JUDGE**